

# THE ATTORNEY GENERAL
## OF TEXAS

Grover Sellers

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. G. C. Jackson          Opinion No. O-7400
County Attorney             Re: Liability of territory added
Zavala County               to water improvement district for
Crystal City, Texas         bonded indebtedness

Dear Sir:

We have received your letter of October 15, 1946, which we quote in part as follows:

"We have an irrigation district here, created in 1925.

"It voted a bond issue of about $307,000.00, which has now been paid down to approximately $115,000,00.

"The district contemplates the erection of an additional dam in the Nueces River, above its present reservoir, for additional storage.

"If this be done, it is desired to take in some three thousand additional acres above the proposed new dam and if this be done an additional bond issue of some $120,000.00 will be required. Question: If this additional three thousand acres be added to the district, will they become liable on the old bond issue, or will they be liable only on the new bond issue?"

We have checked the records in the office of the Comptroller of Public Accounts and have reached the conclusion that by "irrigation" district you refer to a water improvement district, for the Zavala-Dimmit Counties Water Improvement District Number One is the only Zavala County district which we have been able to find. This opinion is written on the assumption, therefore, that a water improvement district is the type of district to which you have reference.

In 1941 the 47th Legislature passed a bill dealing with the annexation of territory to a water improvement district (Article 7622b, V.A.C.S.; Acts 1941, 47th Leg., Ch. 403, p. 661). Section 1 of the act provides for the presentation of a petition;

Section 2 provides for a hearing on the petition; Section 3 provides for an election if at the hearing it is determined that the addition would be to the advantage of the district and to the territory to be added.

The act provides that a separate election shall be held within the boundaries of the district and a separate election within the territory to be added. It further provides that if the district has outstanding debts, the proposition for assumption of its proportion of the debts shall be voted upon and that the ballot for each of the elections shall have printed thereon, "For addition to water improvement district and assumption of proportionate part of outstanding debts and taxes," and "Against addition to water improvement district and assumption of proportionate part of outstanding debts and taxes."

Section 4 of the act provides as follows:

"Sec. 4. In water improvement districts organized and operating under the provisions of Section 52 of Article 3 of the Constitution, two-thirds majority vote of the qualified voters voting at each of said elections shall be required for ratification of the annexation of the proposed territory.

"In water improvement districts organized under the provisions of Section 59 of Article 16 of the Constitution, or in such districts organized under the provisions of Section 52 of Article 3 of the Constitution that have since accepted the provisions of Section 59 of Article 16 of the Constitution in the manner provided by law, a majority vote of the qualified voters voting at each of said elections shall be required for ratification of the annexation of the proposed territory.

"Upon a favorable vote in each separate election as above provided, such territory shall be and become an integral part of such district as of the date of such elections, and be from such date subject to all laws governing such district, and shall bear its pro rata part of all indebtedness or taxes that may be owed, contracted, or authorized by said district to which it shall have been added."

Thus, it is clear that under this statute if a district has outstanding indebtedness, the proposition to be voted on includes not only the addition of the territory but the assumption of the indebtedness. If each of the elections is

favorable, then not only is the territory added but also the proportionate part of the indebtedness is assumed. It is noted from the records before us that the Zavala-Dimmit Water Improvement District Number One is a district organized, created, and existing under Section 52 of Article III, Constitution of Texas. Therefore, a two-thirds majority vote would be required in each election for the ratification of the annexation of the territory.

Your question is answered as follows: Under the terms of Article 7622b, if a water improvement district has outstanding indebtedness the proposition to be voted on includes not only the annexation but also the assumption of indebtedness. It follows that if the election results favorably for the annexation, as outlined in the act, then both the annexed portion and the territory within the boundaries of the original district assume their proportionate part of the indebtedness.

Section 6 of Article 7622b provides that it is a cumulative act. Your attention is directed to the provisions of Article 7649, which reads as follows:

"The owner or owners of the fee to lands in the same vicinity of, but not necessarily contiguous to, any District heretofore or hereafter created under this Act, may file with the Board of Directors of said District a petition in writing, praying that such land be included in such District. The petition shall describe the tract or body of land owned by the petitioners by metes and bounds and upon the filing of such petition with the Board of Directors, said Board of Directors shall cause an accurate survey of the said tract of land to be made and the boundaries thereof marked upon the ground, and said tract of land may be admitted as part of the District; provided it can be irrigated without prejudice to the rights of any of the lands originally contained therein to be first furnished with an adequate supply of water, and when said lands are so admitted they shall immediately become subject to their proportionate share of any taxation or bonded indebtedness that may have been created against said District and subject to such reasonable charge against such lands for the purpose of defraying its part of the expenses of maintenance, operation or other necessary expenses previously made as may be determined by the Board of Directors."

Under the terms of this article when lands are added to the district as therein outlined, such lands immediately become subject to the outstanding indebtedness, and no election whatsoever is required. (See also Article 7737b, dealing with land added to district organized or operating under Article XVI, Section 59 of the Constitution of Texas.)

It is our opinion that a statute, which provides for the addition of territory to a water improvement district and the assumption of indebtedness without an election, raises serious Constitutional questions. See Crabb v. Celeste Independent School District, 146 S.W. 528. For that reason it is strongly suggested that the addition of any territory be made in accordance with the provisions of Article 7622b, rather than Article 7649.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

BY: /s/ George W. Sparks
George W. Sparks, Assistant

APPROVED NOV 1, 1946
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

GWS:V:WB